# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

CLARA DENOIS FRAZIER-BARNES,  
        Appellant,

      v.

DEPARTMENT OF VETERANS  
    AFFAIRS,  
        Agency.

DOCKET NUMBER  
AT-1221-19-0456-W-1

DATE: February 20, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Clara Denois Frazier-Barnes</u>, Vicksburg, Mississippi, pro se.

<u>Raqueal Jones</u>, New Orleans, Louisiana, for the agency.

<u>John Michael Coleman</u>, Esquire, Jackson, Mississippi, for the agency.

<u>Tijuana D. Griffin</u>, Little Rock, Arkansas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman  
Raymond A. Limon, Member

**FINAL ORDER**

    The appellant has filed a petition for review of the initial decision, which dismissed as untimely filed her request for corrective action in an individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On petition for review, the appellant makes numerous arguments as to why the administrative judge erred in dismissing her appeal as untimely filed. She clarifies her argument below that mixed case procedures should apply to her appeal and also argues that the administrative judge failed to determine whether she established good cause to waive the filing time limit. Petition for Review (PFR) File, Tab 3 at 23-31.[2] Mixed case procedures do not apply to the instant case because the appellant, formerly a Nurse appointed pursuant to 38 U.S.C. § 7401(1), cannot appeal her termination directly to the Board, and she has not otherwise raised an agency action that is independently appealable to the Board.

---

[2] The agency filed an opposition to the appellant's petition for review 18 months after the time limit to file a response to the petition had passed. PFR File, Tab 9. The Acting Clerk of the Board informed the agency that its response to the petition appeared to be untimely filed and afforded the agency an opportunity to file a motion for the Board to accept the response as timely or waive the time limit for good cause. PFR File, Tab 10. The agency failed to file such a motion within the time limit provided by the Acting Clerk or otherwise provide an explanation for its untimely filing. We find the agency's opposition is untimely filed without good cause shown for the delay and decline to consider it. *See* 5 C.F.R. §§ 1201.12, 1201.114(e), (g) (providing that the Board may waive a filing time limit provided under its regulations if it determines that there is good cause for an untimely filing).

Initial Appeal File (IAF), Tab 10 at 78, Tab 15, Initial Decision (ID) at 3 n.2; *see McCoy v. U.S. Postal Service*, 108 M.S.P.R. 160, ¶¶ 10, 12 (2008) (providing that, under 5 C.F.R. § 1201.154(b), if an appellant has filed a timely formal complaint of discrimination with her agency relating to or stemming from an action that can be appealed to the Board, also known as a mixed case complaint, an appeal to the Board must be filed within 30 days after the appellant receives the agency resolution or final decision on the discrimination issue); *see also Hawker v. Department of Veterans Affairs*, 123 M.S.P.R. 62, ¶ 2 n.1 (2015) (observing that, as a physician appointed under 38 U.S.C. § 7401(1), the appellant could not directly appeal his termination to the Board). Additionally, as noted by the administrative judge, the Board's regulations permitting an administrative judge to waive the time limit to file an initial appeal upon a showing of good cause for a delay in filing are inapplicable here, as the statutory time limit to file an IRA appeal cannot be waived. ID at 3; *see* 5 U.S.C. § 1214(a)(3)(A); *Heimberger v. Department of Commerce,* 121 M.S.P.R. 10, ¶ 9 (2014) (providing that the Board cannot waive the statutory time limit for filing an IRA appeal for good cause shown because there is no statutory mechanism for doing so).

The appellant also argues that the Board should apply the doctrine of equitable tolling to extend the time limit to file her appeal for the following reasons: (1) she did not receive notice of the time limit to file an appeal; (2) she thought that she filed her appeal on January 31, 2019, but she did not learn until April 2019 that it was not filed; (3) she called the Board daily from March 25 to March 29, 2019, but the telephone line was busy; (4) she called the Board on April 8, April 9, or April 10, 2019, but the individual she spoke with informed her that they could not offer technical assistance; (5) the government shutdown affected the filing of her appeal; (6) she should be afforded leniency because she is a layperson; and (7) the administrative judge failed to consider her April 30, 2019 request for an extension of time. PFR File, Tab 3 at 13, 21-25, 27-28, 33.

As set forth by the administrative judge, the appellant received notice from the Office of Special Counsel of the time limit to file her IRA appeal. IAF, Tab 2 at 4-6; ID at 2. On review, the appellant newly details her efforts to contact the Board in March and April 2019. The Board generally will not consider evidence or argument submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed, despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). Even if we were to consider the appellant's new allegations specifying the dates on which she contacted the Board, she has not shown that equitable tolling of the time limit to file her appeal is warranted. Although the Board's e-Appeal logs reflect that the appellant created an e-Appeal account in January 2019, there is no record that she submitted an appeal or contacted the Board for assistance until April 2019, nor do we find that the appellant's purported efforts to contact the Board 2 months after she attempted to file an appeal were sufficiently diligent to warrant equitable tolling. The cases that the appellant cites in favor of leniency for pro se litigants do not persuade us that equitable tolling is required under the circumstances. In addition, the initial decision reflects that the administrative judge considered the appellant's April 30, 2019 request for an extension. ID at 2. Accordingly, we agree with the administrative judge that the appellant has not demonstrated that equitable tolling is warranted in this case. *See Heimberger*, 121 M.S.P.R. 10, ¶ 10 (providing that the Board only applies equitable tolling in unusual circumstances and generally requires a showing that the litigant has been pursuing her rights diligently and some extraordinary circumstances stood in her way).

The appellant also alleges on review that the administrative judge erred in (1) dismissing her appeal without a hearing; (2) limiting the issues and evidence to timeliness without deciding the merits of her appeal; and (3) failing to sanction the agency for the falsification of Federal records and discovery misconduct; she further argues the merits of her appeal. PFR File, Tab 3 at 14-21, 25, 30, 32-36.

The administrative judge properly dismissed this appeal without a hearing, as there are no material facts in dispute regarding the timeliness issue. *See Sims v. Smithsonian Institution,* 101 M.S.P.R. 311, ¶ 10 (2006) (providing that, if there is a dispute of material facts relating to timeliness and the appellant has requested a hearing, the appellant is entitled to a hearing on timeliness). Additionally, there is no evidence that the appellant raised below the issue of alleged agency misconduct in discovery. Finally, the appellant's arguments regarding the merits of her appeal are not relevant to the issue of timeliness. Accordingly, we affirm the initial decision for the reasons stated by the administrative judge.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.